White, J.
The three counts of the indictment, in this case, relate to the same person killed and to one act of killing. They are all founded upon the same transaction, and are intended to meet the-facts as they maybe found from the evidence on the final trial. A conviction upon all or any one of the counts would have subjected the plaintiff in error to but one punishment. This is not the case-394] of separate and ^distinct offenses set forth in different counts of the same indictment. The several counts are inserted *395 solely for the purpose of meeting the evidence as it may appear on the trial, the crime charged being substantially the same in each count.
It is no objection, at common law, that an indictment contains' several counts for separate and distinct misdemeanors, provided, the judgment upon each is the same. But in cases of different felonies thus charged, the indictment might, on motion of the defendant, be quashed, or the prosecutor would be put to his election upon which charge he would proceed. Where, however, the same felony was charged in different ways in several counts, in order to meet the facts of the case, no such objection could be made.
The rule of practice is thus stated by Tindal, C. J. (2 Clark & Fin. 240, 241): “In cases of felony, where the indictment contains several counts, a proceeding altogether unknown to ancient times, it is well known in practice that the various counts have been introduced, not for the purpose of charging the prisoner with divers and distinct felonies, but for the purpose of meeting any difficulty which might arise on the trial from the misdescription of the offense in a single count. And if the prosecutor in any charge of felony should offer evidence tending.to prove two distinct charges of felony, he would be stopped immediately by the presiding judge, and directed to make his election upon which single charge of felony he intended to proceed. . . . The practice in the case of a prosecution for a misdemeanor so far differs from that in a prosecution for felony, that there may be (though it is not usually the case) several counts for distinct offenses contained in one and the same indictment. In that ease, the prosecutor is not always put to his election, as in cases of felony; but the trial may proceed, and the sentence be passed, for several offenses distinct from each other.”
The ground of the motion for the discharge ,of the defendant, below, after his conviction upon the third count, on the second trial, was that he had, on the first trial, been acquitted of the same count. The logical result of this position, as applied to this case, would seem to be, that, on the new trial being granted, he was entitled-to his discharge from the whole ^indictment; for the first .[395- and third counts were substantially alike, and were both in fact, for the same offense, and if the verdict of acquittal on the third count remained in force, and operated as a bar to a re-trial upon, that count, it would be equally effective against a further prosecu *396 lion on the first count, and could be formally pleaded in bar as a former acquittal. A verdict of acquittal not only operates to dis charge the defendant form the indictment on which he has been tried, but constitutes a bar to any other substantially like it for the ■same offense.
Where the' indictment, though consisting of several counts, is founded upon a single transaction, the verdict is a unit, and lays the foundation for but a single judgment. A verdict of guilty upon one of the counts, and of not guilty upon the others, is followed by the same legal consequences as a verdict of guilty upon all the counts; and when, in either case, the verdict is set aside and a new trial granted on the defendant’s motion, the case is opened for retrial upon the counts upon which he was acquitted, as well as those upon which he was convicted. If this were not so, the value and object of the rule allowing a single offense to be chai-ged in different ways in several counts would be greatly impaired, and often defeated.
But where the several counts of an indictment are for separate and distinct offenses, the verdict is necessarily several in its nature, and the finding as to each offense constitutes the basis of a separate judgment. It is the same in effect as if rendered on separate indictments.
In such case, the granting of a new trial, on conviction of one offense, has no connection with the verdict of acquittal of others, •and the latter may well be allowed to stand and have effect, though "the former should be set aside.
The position taken by counsel for the plaintiff in error is supported by authorities cited in their brief. But it seems to us that in these cases a correct principle was misapplied.
We think the principle contended for properly applies, where "there is a conviction and an acquittal on different counts for separate and distinct offenses, or where part of the defendants are ac-396] quitted and part convicted of the same *offense, but that where all the counts are for the same offense, and are varied merely to meet the proof, it has no just application.

Judgment affirmed.

Day, C. J., and Brinkerhoff, Scott, and Welch, JJ., concurred.